**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION**

| | |
|---|---|
| SHAUN A. SANDERS, | ) |
|       Plaintiff | ) ) ) |
| vs. | ) CASE NO. 2:18-cv-263 ) |
| ADVICS MANUFACTURING INDIANA, LLC, | ) ) ) |
|       Defendant | ) ) |

***PLAINTIFF'S COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF AND REQUEST FOR TRIAL BY JURY***

Comes now the Plaintiff, Shaun A. Sanders (hereinafter "Sanders"), by counsel, and for his claims against the Defendant Advics Manufacturing Indiana, LLC (hereinafter "Advics"), alleges and says:

### *I. FACTUAL ALLEGATIONS*

1.  Sanders is a resident of Terre Haute, Vigo County, Indiana. Sanders worked for Advics from approximately February 2016[1] until the date of his wrongful termination on May 24, 2018. Sanders held the position of Operator.

2.  Sanders worked for Advics at the company's Terre Haute, Vigo County, Indiana manufacturing facility. Advics manufactures automobile parts.

3.  Sanders is pursuing claims against Advics for its violations of his rights under the Family and Medical Leave Act ("FMLA"). Sanders' FMLA claims include claims against Advics for its violation of his substantive rights (e.g., interference with Sanders' right to use

---

[1] Initially, Advics hired Sanders through a temporary employment agency. Sanders worked for Advics through that temporary service until he was hired as an Advics employee in approximately February 2016.

FMLA leave) and for Advics' discrimination and retaliation against Sanders for his use of his FMLA rights.

4. Sanders did good work and met all of Advics' reasonable expectations.

5. Sanders exercised his right to use FMLA leave to care for his mother, Yvette Rivers. Ms. Rivers was diagnosed at the same time with several very serious health conditions, including the need for surgery to remove a tumor from her stomach, a heart murmur and a need for a full hysterectomy. Initially, Sanders applied and was approved to use his FMLA rights on an intermittent basis, estimated at up to four days per month, to take Ms. Rivers to her doctor's appointments. Sanders' original application for intermittent FMLA leave to care for his mother was made and approved by Advics on or about March 22, 2018.

6. After his FMLA intermittent was approved in late March 2018, Sanders used that intermittent leave on a few occasions to excuse his absence from work so that he could take his mother to her doctor's appointments.

7. Sanders' mother was scheduled for surgery on April 25, 2018. The surgery was scheduled to occur at Union Hospital in Terre Haute. Sanders is the only member of his family available to care for his mother and Ms. Rivers' physicians instructed that Ms. Rivers would need someone to stay with her and care for her continuously during her recovery from her April 25, 2018 surgery through at least May 21, 2018. Sanders had most of his available FMLA leave still available to him. Sanders definitely had more than enough available FMLA leave to cover the dates he needed to stay with his mother and care for her from April 25, 2018 through May 21, 2018 .

8. Although he had already been approved for FMLA leave on an intermittent basis, Sanders notified his Advics supervisors that he was required to use his FMLA leave and miss all

work days scheduled between April 25, 2018 and May 21, 2018. Sanders planned to return to work at Advics on May 21, 2018. Despite the earlier FMLA approval, Advics wanted Sanders to get his mother's physician to certify Ms. Rivers' need for her son's continuous FMLA leave on dates from April 25, 2018 through May 21, 2018. Sanders complied.

9. Advics was using an outside company called "FMLA Source" to process its employees' applications for FMLA leave.

10. Yvette Rivers' primary care physician overseeing her treatment and referring her to surgeons was Dr. Kathleen Coutinho of Terre Haute, Indiana. At all times, Dr. Coutinho completed FMLA paperwork requested to certify that Sanders' care for his mother was necessary.

11. Even though Sanders had already been approved for FMLA leave in March, for this last period of consecutive day leave, Advics, acting through "FMLA Source," sent Dr. Coutinho a form asking that she certify a need for Sanders' "continuous leave" from April 25, 2018 through May 21, 2018, and asked Dr. Coutinho to return this certification to FMLA Source by a "due date" of May 25, 2018. Dr. Coutinho completed the form, certified Ms. Rivers' need for Sanders continuous care, and faxed the certification form to FMLA Source on a date prior to this May 25, 2018 "due date" requested.

12. Sanders cared for his mother through her surgery and recovery at home, as planned, for the period from April 25, 2018 through May 21, 2018. Sanders returned to work on May 21, 2018.

13. On May 24, 2018, Sanders was called to a meeting with an Advics human resources manager named Paula (last name not certain). Paula told Sanders he was terminated because he "called in late" on May 18, 2018. Paula attributed the decision to fire Sanders to a

different human resources manager named Cassie Boggatt (spelling not certain), who was not present for the meeting.  Sanders was under no such instruction to call in while on his continuous leave, nor should he have been under such an obligation call in to work during his continuous FMLA leave.  This excuse for firing Sanders is false and a pretext, but the explanation is also direct evidence of Advics' violation of Sanders substantive FMLA rights.  Advics had certification from Yvette Rivers' physician, Dr. Coutinho, that Sanders was approved for continuous FMLA leave to care for his mother through May 21, 2018 and Dr. Coutinho provided this certification prior to Advics' requested deadline and prior to Advics' May 24, 2018 decision to fire Sanders.

14. At the time Sanders applied for FMLA leave to care for his mother, he was eligible for FMLA protections based upon his length of service, hours of work in the preceding year, and based upon Advics' number of employees (well over 50) working for it in Terre Haute, Indiana.

15. Sanders was not close to exhausting his available FMLA leave when he was terminated.

16. All of Advics' reasons for terminating Sanders' employment are illegal and violate the FMLA.  Sanders has been significantly harmed by Advics' discriminatory and retaliatory termination of his employment.  Moreover, Advics took this action and terminated Sanders in order to interfere with his continuing use of FMLA intermittent leave to protect his employment while caring for his mother.  Sanders is seeking all lost wages and benefits, all liquidated damages, reinstatement or front pay and benefits, payment of all of his reasonable attorney's fees, costs and expenses, plus any equitable relief which would make him whole.

## II.  JURISDICTION AND VENUE

17. Sanders' Complaint raises federal questions of law and this Court has jurisdiction over the subject matter of this complaint pursuant to 28 USC § 1331 and under 29 USC § 2611 et seq.

18. This Court is the appropriate venue for this cause of action as Sanders worked for Advics in Terre Haute, Vigo County, Indiana.  28 USC § 1391.

### III.  PARTIES

19. Sanders is a resident of Terre Haute, Vigo County, Indiana.

20. Advics employed Sanders to work for it at its Terre Haute, Vigo County, Indiana manufacturing facility.

### IV.  FAMILY AND MEDICAL LEAVE ACT CLAIMS

21. Sanders incorporates herein by reference paragraphs 1 through 20 above.

22. By way of this Complaint, Sanders asserts that he is a covered and eligible employee under the Family and Medical Leave Act (hereinafter "FMLA"), who worked at least one thousand two hundred and fifty (1,250) hours in the twelve (12) months preceding his application for intermittent and, subsequently, continuous medical leave.  Moreover, Sanders had worked well over one year for Advics prior to the time he applied for FMLA leave.

23. Sanders' eligibility for leave under the FMLA stems from his employment at Advics' manufacturing facility in Terre Haute, Indiana.  Advics had far more than fifty (50) employees working for it within a seventy-five (75) mile radius of the Terre Haute, Indiana facility at all times relevant (meaning, calendar years 2018 and 2017).  Advics was and is an employer under the definition of the FMLA and Sanders is an eligible employee with Advics.

24. Sanders' mother, Ms. Rivers, had three serious health conditions which necessitated her need for Sanders' care.  Under the FMLA, an eligible employee is entitled to

leave in order to care for a family member with a serious health condition. 29 USC § 2612(a)(1)(C). Sanders properly applied for (meaning he placed Advics on notice) and was granted both intermittent and, subsequently, continuous FMLA leave to care for his Mother's treatment, surgery and recovery related to her serious health conditions.

25. Advics wrongfully and illegally violated Sanders' substantive FMLA rights and interfered with Sanders' right to use his FMLA leave to protect and preserve his employment.

26. Advics wrongfully discriminated against and retaliated against Sanders for using the FMLA to care for his mother while protecting his employment.

27. As a direct and proximate result of Advics' conduct, Sanders has sustained substantial economic losses, including, but not limited to, career damage and past and future loss of wages and other economic benefits. By way of this Complaint, for Advics' violations of the FMLA, Sanders is seeking all available damages, including, but not limited to, liquidated damages, back pay and benefits, reinstatement or front pay and benefits, all of his attorney's fees, costs and expenses, and any other damages necessary to remedy Advics' violations of Sanders' rights under the FMLA.

28. Sanders was wrongfully terminated from his employment with Advics while (and for) exercising his right to use his approved FMLA leave. Sanders' exercise of his FMLA rights was the primary factor which improperly motivated Advics to terminate his employment. Said wrongful termination of Sanders' employment is prohibited by 29 U.S.C. § 2615.

### *V. PRAYER FOR RELIEF*

WHEREFORE, Plaintiff Shaun A. Sanders respectfully requests that the Court enter judgment against Defendant Advics Manufacturing Indiana, LLC and issue all available relief to him, including, but not limited to, the following:

1. All damages available under the FMLA, including all back pay and benefits, all available liquidated damages, reinstatement and/or front pay and benefits, and payment of all reasonable attorney's fees, costs and expenses;

2. Costs;

3. Pre-judgment interest, if available; and

4. Any and all other relief just and proper in the premises.

                Respectfully submitted,

                HUNT, HASSLER, KONDRAS & MILLER LLP


                By /s/Robert P. Kondras, Jr.
                    Robert P. Kondras, Jr.
                    Attorney No. 18038-84
                    100 Cherry Street
                    Terre Haute, IN 47807
                    (812) 232-9691
                    Facsimile: (812) 234-2881
                    kondras@huntlawfirm.net

### *REQUEST FOR TRIAL BY JURY*

Comes now Plaintiff Shaun A. Sanders, by counsel, and requests a trial by jury on all issues which may be tried to a jury.

                Respectfully submitted,

                HUNT, HASSLER, KONDRAS & MILLER LLP


                By  /s/Robert P. Kondras, Jr.
                    Robert P. Kondras, Jr.
                    Attorney No. 18038-84
                    100 Cherry Street
                    Terre Haute, IN 47807
                    (812) 232-9691
                    Facsimile: (812) 234-2881
                    kondras@huntlawfirm.net